**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHIRLEY A. WEST,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 96-5231
(D.C. No. 95-CV-955-J)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's order affirming the denial of disability income benefits by the Secretary.[1] Plaintiff applied for disability benefits in October 1993, alleging she had been disabled since December 1992. Plaintiff said she was unable to work because of low energy, stiff joints, headaches, dizziness, leg cramps, chest pains, inability to deal with people, and inability to handle stress. In what became the final decision of the Secretary, the administrative law judge (ALJ) concluded that plaintiff had no severe impairments other than residuals from coronary artery bypass surgery in 1990, and that she could return to her past relevant work as either a doctor's receptionist, a doctor's assistant, or a clerical worker, all of which were performed at either the light or sedentary exertional level.

On appeal, plaintiff does not challenge the ALJ's assessment of her physical ailments. She does, however, contend that the ALJ failed to properly evaluate the existing evidence of her mental impairments and that he failed to develop the record further by ordering a consultative psychological examination. Plaintiff also argues that, in light of the ALJ's improper evaluation of her mental

---

[1]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although Shirley S. Chater, Commissioner of Social Security, appears in the caption as the defendant in this action, we continue to refer to the Secretary in the text, because she was the appropriate party at the time of the underlying decision.

impairments, the ALJ's conclusion that she can return to her past relevant work is not supported by substantial evidence. Finally, plaintiff contends that, in light of the errors previously mentioned and the ALJ's alleged inattention at the hearing, plaintiff was deprived of a full and fair hearing on her claim for benefits.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met." Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994) (quotation omitted). "If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed." Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993).

Based upon our review of the record, we conclude that substantial evidence supports the ALJ's determination that plaintiff could return to her past relevant work as a clerical worker. We also conclude that plaintiff received a full and fair hearing on her claims.

At the hearing before the ALJ, plaintiff's counsel asked the vocational expert (VE) whether, if she credited all of plaintiff's testimony about her

impairments, plaintiff could perform any of her past relevant work. The VE's testimony reflected that giving full credit to plaintiff's testimony about her mental impairments would preclude only her past relevant work as a doctor's assistant or a doctor's receptionist; it would not preclude her past relevant work as a clerical worker.[2] Because the VE premised her testimony on the assumption that everything plaintiff said was true and credible, remanding the action for the ALJ to reconsider the evidence or to develop further medical evidence that might support plaintiff's allegations would serve no purpose.

Plaintiff also argues that she did not receive a full and fair hearing. She bases this contention on the ALJ's alleged failure to properly evaluate her mental impairment and on an isolated comment by the ALJ. After questioning plaintiff for several minutes, plaintiff's counsel concluded: "I have no further questions," to which the ALJ replied: "Is it my turn? I wasn't awake." Appellant's App., Vol. II at 499. The transcript reflects that the ALJ then had the vocational expert sworn in and began questioning her. The transcript does not indicate any break in the proceedings, nor is there any indication that the ALJ was actually sleeping or

---

[2] The VE did testify that plaintiff would be unable to perform her past work as a clerical worker if one fully credited her testimony about the stiffness in her hands. The ALJ found that plaintiff's testimony about her hands was not supported by the medical evidence, however, and plaintiff does not contest this finding on appeal.

was otherwise inattentive to the proceedings.  We, therefore, reject plaintiff's contention that she did not receive a full and fair hearing on her claims.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge